Alan Tucker et al v. Jim and Nelda Vaughn et al















IN THE
TENTH COURT OF APPEALS
 

No. 10-02-004-CV

     ALAN TUCKER, ET AL.,
                                                                              Appellants
     v.

     JIM AND NELDA VAUGHN
     AND GENELL MOORE,
                                                                              Appellees
 

From the 220th District Court
Bosque County, Texas
Trial Court # 00-09-21600BCCV
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      Appellants filed a declaratory judgment action against Appellees seeking to enforce restrictive
covenants referenced in the deeds under which all the parties claim title. A jury found that the
restrictive covenants had been abandoned. The court entered judgment in accordance with the
verdict and awarded Appellees Jim and Nelda Vaughn their attorney’s fees. Appellants perfected
this appeal.
      Appellants filed a motion to dismiss their appeal on February 27. They state in the motion
that the parties have settled their dispute and “desire that this cause be dismissed with prejudice
with all costs to be taxed to the party incurring same.” Rule of Appellate Procedure 42.1(a)(2)
provides:
(a) The appellate court may dispose of an appeal as follows:
(2) in accordance with a motion of appellant to dismiss the appeal or affirm the
appealed judgment or order; but no other party may be prevented from seeking
any relief to which it would otherwise be entitled. 
Tex. R. App. P. 42.1(a)(2).
      Appellants’ motion to dismiss complies with the requirements of the appellate rules. More
than ten days have passed since the filing of the motion without a response from Appellees. 
Accordingly, this cause is dismissed with costs to be taxed against the party incurring same.

                                                                         PER CURIAM

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Appeal dismissed
Opinion delivered and filed March 13, 2002
Do not publish
[CV06]



 0.388889in">      On September 6, 1996, Appellant waived his right to a jury and entered open pleas of guilty
in each case. He signed plea papers in each case which included a waiver of jury, felony plea of
guilty, and a judicial confession. Appellant also signed the court's Admonition of Statutory and
Constitutional Rights and Defendant's Acknowledgment which included the punishment ranges
for each offense, and an admonishment regarding possible deportation, exclusion from admission
to this country and denial of naturalization.
      After Appellant was convicted and sentenced, he filed a motion for a new trial by new (his
second) counsel alleging: 
the attorney for defendant failed to properly present evidence relevant to the sentence and
which was mitigating in nature . . . performance of trial counsel was so deficient during
the sentencing hearing with regard to the presentation of mitigating evidence as to deprive
defendant of effective assistance of counsel.

      On November 18, 1996, the trial court granted the motion for a new trial.
      Defendant then pled guilty in both cases. Defense counsel then stated to the court:
I guess you could adopt the same plea papers. In fact I have for the court and prosecutor
a typed copy of the plea proceeding that took place on September 6, 1996, which
evidence, the defendant's plea, waiver, admonishment of the court, the State's offer of
evidence, the defendant's signed judicial confession, in each case, the defendant's entry
of pleas of guilty and the defendant's testimony. I ask the court to judicially note the
events that occurred on September 6 and make them apply in this proceeding.

      The court then stated:
 
that item is admitted, and all of the papers previously and re-adopted by and re-urged and
the court will treat them as filed on connection -- as refiled in connection with this case. 
Is that agreeable with both sides? 

      The prosecution and defense counsel both responded, "Yes, Your Honor.

      Appellant argues that Appellant and his new counsel needed to sign a new statement that
Appellant understood the admonitions and was aware of the consequences of his plea; and that the
statement signed by Appellant and his prior counsel could not suffice.
      We reject Appellant's contention. Appellant and his second attorney received the remedy they
requested, that is, the opportunity to present mitigating evidence at a new punishment hearing. 
They did this and received a 5-year reduction in the 25-year sentence given on September 6.
      Given the fact that it was Appellant who offered to the court the record of the September 6
plea proceeding and related plea papers, Appellant should not be allowed to be rewarded with
another trial when it was he who created the very situation about which he now complains.
      The record before us, for Appellant's second trial, shows Appellant was admonished in
accordance with art. 26.13 and there is nothing to indicate Appellant entered his plea involuntarily
or that he did not understand the written admonitions which were signed and acknowledged by
him.
      Appellant's point is overruled in each case. The judgment in each case is affirmed.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)

Before Chief Justice Davis,
      Justice Vance and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed March 4, 1998
Do not publish